UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSALIN DENISE MARSHALL,<br><br>                      Plaintiff,<br><br>-against-<br><br>NEWARK TAX ASSESSORS OFFICE, NEWARK OFFICE OF SURROGATE; ANNIE SCOTT; LOUISA SCOTT; JAMES SCOTT,<br><br>                      Defendants. | 1:23-CV-3495 (LJL)<br><br>TRANSFER ORDER |

LEWIS J. LIMAN, United States District Judge:

Plaintiff Rosalin Denise Marshall, of Monrovia, California, brings this *pro se* action under the court's diversity jurisdiction. She sues the following defendants: (1) the "Newark Tax Assessors Office," of Newark, New Jersey; (2) the "Newark Office of Surrogate" or the "Essex County Office of Surrogate," of Newark, New Jersey; (3) Annie Scott, of East Orange, New Jersey; (4) Louisa Scott, of East Orange, New Jersey; and (5) James Scott, of East Orange, New Jersey. Plaintiff seeks at total of $730,000 in damages, as well as ownership of the real property in East Orange, New Jersey, where Defendants Annie, Louisa, and James Scott reside; those defendants may also currently own that property.

Plaintiff has paid the fees to bring this action. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the District of New Jersey.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff alleges that all of the defendants reside in New Jersey. Thus, under Section 1391(b)(1), the United States District Court for the District of New Jersey is a proper venue for this action. *See* 28 U.S.C. §§ 110 (New Jersey constitutes one federal judicial district), 1391(b)(1). Plaintiff also alleges that the events that are the bases for her claims, which appear to arise from the conveyance of the estate of Plaintiff's deceased mother, occurred in New Jersey, and that the property at issue, which includes real property that was part of that estate, is located in New Jersey. Thus, also under Section 1391(b)(2), the District of New Jersey is a proper venue for this action. *See* §§ 110, 1391(b)(2). Consequently, it is clear from the face of the complaint that this court is not a proper venue for this action under either Section 1391(b)(1) or (2).

Under 28 U.S.C. § 1406(a), if a federal civil action is filed in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). For the reasons discussed above, venue lies in the United States District Court for the District of New Jersey, *see* § 1391(b)(1), (2), and in the interest of justice, the Court transfers this action to that court, *see* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. *See* 28 U.S.C. § 1406(a). Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 27, 2023
         New York, New York

                                                    _____
                                                           LEWIS J. LIMAN
                                                    United States District Judge